IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Anthony W. Ehlers, | ) |
| | ) Case No. 13 CV 6911 |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| Warden Michael Lemke, | ) Judge Philip G. Reinhard |
| | ) |
| Respondent. | ) |

### ORDER

For the reasons stated below, Anthony Ehlers' petition under 28 U.S.C. § 2254 [1] is denied. The court also denies his request for an evidentiary hearing and declines to issue a certificate of appealability. The cause is dismissed in its entirety.

### STATEMENT-OPINION

Petitioner, Anthony Ehlers, ("Ehlers" or "petitioner") a state prisoner, has filed a petition pursuant to 28 U.S.C. § 2254 raising numerous claims. *See* [1]. Specifically, petitioner contends he is entitled to *habeas* relief because 1) his trial and appellate attorneys were ineffective in a number of ways; 2) his sentence violated *Apprendi v. New Jersey*; 530 U.S. 466 (2000); 3) his due process rights and rights under the Fifth and Sixth Amendments were violated when the trial court refused to appoint him counsel while he was in custody in Wisconsin on an unrelated matter; 4) his due process rights and rights under the Sixth, Eighth, and Ninth Amendments were violated when the trial court forced him to wear a stun belt outside his clothing during his trial; and 5) he is actually innocent. Respondent has answered, and argues that all of petitioner's claims are procedurally defaulted. Respondent contends a portion of the claims are defaulted because petitioner failed to present them for one complete round of state court review and the remaining claims are defaulted because the state court rejected them on independent and adequate state procedural grounds.

In September 1996, a Stephenson County jury convicted Anthony Ehlers ("petitioner" or "Ehlers") of first degree murder and armed robbery. *See People v. Ehlers*, 703 N.E. 2d 539, (Ill. App. Ct. Nov. 13, 1996); *see also* [17-1]. The charges arose out of an armed robbery of a gun store in Freeport, Illinois on the morning of November 12, 1992. On the said date, defendant and two other men, William Keene and Michael Hoover, entered the gun shop and stole 36 handguns, 14 long guns, and approximately 15 knives. [17-1] at 2. The owner of the gun store, Robert Peters, was killed during the robbery. He was shot once in the head, once in the chest, and had his throat slit open. *Id.*

1

At Ehlers' trial (which was separate from the other co-defendants), the jury heard testimony from petitioner's cell mate, James Whipple. Whipple testified that Ehlers admitted to him that the crime was planned and that he was the individual who shot Peters. *Id.* An eyewitness also provided testimony. The eyewitness identified Ehlers as one of the three men she saw walking toward the gun shop on the morning of the murder. *People v. Ehlers*, No. 2-11-0131, 2012 WL 6967243 at *1 (Ill. App. Ct. May 8, 2012 ); [17-9] at 1. Ehlers' former girlfriend also provided testimony. She testified that Ehlers went to Freeport with Keene and Hoover around the time of the robbery. *Id.* Finally, the State provided testimony from a handwriting expert. The handwriting expert testified that the handwriting of a person who registered at a motel in Freeport the night before the robbery was consistent with Ehlers' handwriting. *Id.* Ehlers did not present live testimony for his defense. Ultimately, the jury convicted him of first degree murder and armed robbery. He was originally sentenced to death, but the trial court later vacated that sentence and imposed a sentence of life imprisonment. *Id.*

On October 18, 1999, Ehlers timely filed his direct appeal. [17-2] at 5. At the Illinois Appellate Court, he argued that his trial counsel was ineffective for failing to present available evidence at sentencing that he was not the person who shot Peters. He also claimed his trial counsel was ineffective for failing to impeach Whipple regarding his testimony that Ehlers had admitted to shooting Peters. [17-2] at 4. Additionally, on direct appeal, Ehlers argued that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* Despite these arguments, on August 17, 2001, the Illinois Appellate Court affirmed the judgment of the trial court. *See* [17-1] at 9. Ehlers did not file a petition for leave to appeal ("PLA") the decision to the Illinois Supreme Court.

On November 16, 2000, (while his direct appeal was still pending) Ehlers returned to the state trial court with a *pro se* petition for postconviction relief. *See* [17-18] at 69-70. In his petition, Ehlers raised a multitude of undeveloped claims. Among those claims, Ehlers again argued his trial counsel was ineffective for failing to impeach James Whipple and failing to cross examine the State's ballistics expert. *See id.* In his postconviction petition, Ehlers also requested counsel. *Id.* This request was eventually granted and subsequently, with the assistance of counsel, Ehlers' filed an amended postconviction petition. The amended petition reiterated Ehlers' claims that his trial counsel was ineffective and also raised a due process claim and a claim of actual innocence. *See* [17-28] at 1-9. After the State moved to dismiss the amended petition in February 2008, Ehlers filed a supplemental petition which purported to raise a new claim of ineffective assistance of appellate counsel. After a hearing, the trial court denied the petition in its entirety and determined that all of Ehlers' claims were either forfeited, procedurally barred, or meritless. *See* [17-18] at 245-58.

Ehlers appealed the trial court's decision. At the Illinois Appellate Court, he raised only a handful of claims. Specifically, in his postconviction appeal, Ehlers argued that his trial attorneys were ineffective for failing to investigate and call his co-defendant, Michael Hoover, at trial and also claimed his trial attorneys were generally ineffective because they made little effort in all aspects of his defense. Additionally, on postconviction appeal, Ehlers claimed his attorney on direct appeal was ineffective for failing to raise a number of arguments. *See* [17-6] at 20-37.

2

Despite these arguments, on May 8, 2012, the Illinois Appellate Court affirmed the decision of the trial court and denied a rehearing. *See People v. Ehlers*, No. 2-11-0131, 2012 WL 6967243 at *1-*4 (Ill. App. Ct. May 8, 2012); [17-9] at 1-4. In affirming the trial court's decision, the appellate court reasoned that all of Ehlers' claims failed because there were either "forfeited or meritless." *Id.* at *2; [17-9] at 2.

After Ehlers received notice that his postconviction appeal had been denied, he filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court. At the Illinois Supreme Court, he reasserted his ineffective assistance of counsel claims and also raised several new arguments that had not been presented to the Illinois Appellate Court. *See* [17-10]. On September 26, 2012, the Illinois Supreme Court denied Ehlers' PLA. *See People v. Ehlers*, 979 N.E.2d 881 (Ill. Sept. 26, 2012); [17-11].

On September 16, 2013, Ehlers filed the instant *pro se* petition pursuant 28 U.S.C. § 2254. [1]. In his 99-page petition, Ehlers contends he is entitled to *habeas* relief because 1) his trial and appellate attorneys were ineffective for a multitude of reasons; 2) his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); 3) his due process rights and rights under the Fifth and Sixth Amendments were violated when the trial court declined to appoint counsel for him while he was in custody in Wisconsin on an unrelated matter; 4) his due process rights and rights under the Sixth, Eighth, and Ninth Amendments were violated when the trial court forced him to wear a stun belt outside his clothing throughout the course of his trial; and 5) he is actually innocent. For the reasons below, the court finds all of Ehlers' claims are procedurally defaulted and therefore denies the petition in its entirety.

28 U.S.C. § 2254 limits a federal district court's ability to grant *habeas* relief to state prisoners. Relief will not be granted unless the court determines that a state court's adjudication of a claim resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court[;]" or was 2)… "based on an unreasonable determination of the facts in light of the evidence presented…" 28 U.S.C. § 2254 (d)(1)-(2). The federal courts review a state court's decision on a deferential standard of review. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). A federal court may not grant relief if it determines a state court applied federal law incorrectly. Instead, a writ can only be issued if the federal court determines that a state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). This is a difficult standard for a habeas petitioner to prove as the Seventh Circuit has defined objectively unreasonable as "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003)[1].

---

[1] As most recently stated in *Burt v. Titlow*, No. 12-414, 2013 U.S. LEXIS 8039 at *11-12 571 U.S. ___, (U.S. Nov. 5, 2013) the "AEDPA likewise imposes a highly deferential standard for reviewing claims of legal error by the state courts: A writ of habeas corpus may issue only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" this Court." *Id.* quoting § 2254 (d)(1).

Before a prisoner can bring claims to a federal court under 28 U.S.C. § 2254, the prisoner must comply with the statutory exhaustion requirement and present each of his claims in one full round of review in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Failure to exhaust available remedies in at least one full round of review in state court results in procedural default and a federal court cannot review the merits of the claim. *Mulero v. Thompson,* 668 F.3d 529, 535-36 (7th Cir. 2012); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). The procedural default doctrine also bars review if the "claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds[.] . . . " *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

## A. Defaulted Claims

Respondent contends that Ehlers has procedurally defaulted all of his claims. Respondent states the majority of claims are defaulted because Ehlers failed to present them for one complete round of state court review and the remaining claims are defaulted because the state court determined that Ehlers had forfeited those claims. [16] at 11. Respondent argues that Ehlers cannot show that his defaults should be excused and therefore his entire petition must be denied.

### 1. Claims Ehlers Failed to Present for a Complete Round of State Court Review

Respondent contends Ehlers failed to present a number of his arguments in the instant petition for a complete round of state court review. Specifically, respondent states Ehlers did not present the following claims to all levels of the Illinois courts: 1) his claim that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (Ground Two); 2) his claim that his due process rights and rights under the Fifth and Sixth Amendments were violated when the trial court declined to appoint him an attorney on an unrelated matter in Wisconsin (Ground Three); 3) his claim that his due process rights and rights under the Sixth, Eighth, and Ninth Amendments were violated when the trial court forced him to wear a stun belt at trial (Ground Eleven); and 4) his claim of actual innocence (Ground Thirteen). Respondent also argues that a number of Ehlers' specific arguments relating to his ineffective assistance of counsel claims have been procedurally defaulted due to Ehlers' failure to present the arguments to all levels of the state court. The court will address each in turn.

a.) *Ground Two: Apprendi v. New Jersey,* 530 U.S. 466 (2000)

In the instant *habeas* petition, Ehlers claims he is entitled to relief because his sentence violated *Apprendi v. New Jersey*, 539 U.S. 466 (2000). [1] at 56-70. He appears to argue that his sentence violated *Apprendi* because the court relied upon factors that were not submitted to the jury and proven beyond a reasonable doubt. He alleges that the court relied upon the fact that the murder was "accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty," when imposing his sentence and this was fact not presented to the jury. [1] at 57. He also seems to argue that the court should not have imposed a concurrent sentence because the jury convicted him of separate offenses. [1] at 57-58.

4

Setting aside the merits (or lack thereof) of this claim, respondent correctly points out that Ehlers failed to present it for a complete round of state court review. While Ehlers presented the claim to the Illinois Appellate Court on direct appeal, he did not file a PLA to the Illinois Supreme Court in his direct appeal, and he failed to present this claim to the Illinois Supreme Court in his postconviction proceedings. *See* [17-10]. This results in procedural default on federal habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (failure to present claims to the Illinois Supreme Court results in procedural default for federal habeas purposes); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (one full round of state court review includes levels in which review is discretionary rather than mandatory); *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013) (stating that in Illinois' two-tiered appellate review system "a petitioner must present a claim at each level of the state court system, either on direct appeal or in post-conviction proceedings."). Accordingly, the court finds petitioner's *Apprendi* claim procedurally defaulted and does not address its merits.

b.) *Ground Three: Due Process Claim Regarding Wisconsin State Court's Alleged Failure to Appoint Counsel*

Ehlers also argues that he is entitled to *habeas* relief because he was in custody in the State of Wisconsin in June 1993 and while in custody he requested counsel for his case in Stephenson County, but his requests were denied. *See* [1] at 60-61. He contends he was unduly prejudiced by this denial because the "adversarial prosecutorial proceedings had commenced against him . . ." and a jailhouse informant had obtained a statement to use against him during this time. *Id.* at 61.

Here again, the court refuses to proceed to the merits of this claim. Similar to his *Apprendi* claim, Ehlers failed to present this argument for a full round of state court review. Ehlers included this argument in his postconviction petition at the trial court, but he failed to reassert the argument in his postconviction appeal or his PLA to the Illinois Supreme Court. *See* [17-6] at 20-37 (petitioner's opening brief for his postconviction appeal which raised only ineffective assistance of counsel arguments); *see also* [17-8] at 3-11 (petitioner's reply brief on postconviction appeal); [17-10] at 20-38 (Ehlers' PLA to the Illinois Supreme Court which raised only claims of ineffective assistance of counsel). Because Ehlers failed to present his claim to all levels of the state court this court cannot address the merits of the claim and it is defaulted. *See McDowell*, 737 F.3d at 482.

c.) *Ground Eleven: Due Process Claim Regarding the Stun Belt at Trial*

In the instant petition, Ehlers also claims he was "denied his right to due process and a fair trial guaranteed under the Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution when the trial court forced [him] to wear a "shock-belt" . . . throughout the course of trial . . . [.]" [1-1] at 21. He contends this entitles to him *habeas* relief.

This claim is defaulted for the same reasons as the claims already mentioned above. Ehlers raised this due process claim in his postconviction petition to the trial court, but he never

5

raised a due process claim to the Illinois Appellate Court or the Illinois Supreme Court on either direct appeal or in his post conviction proceedings. *See generally* [17-2] (petitioner's brief on direct appeal); [17-6] (petitioner's opening brief for his postconviction appeal); [17-8] (petitioner's reply brief on postconviction appeal); [17-10] (petitioner's PLA to the Illinois Supreme Court). While the court acknowledges that Ehlers raised the issue of the stun belt in his postconviction appeal (*see* [17-6] at 34-35), this argument was in the context of petitioner's ineffective assistance of appellate counsel claim, not a due process claim. To prevent procedural default, a petitioner must submit "both the operative facts and the controlling legal principles" to the state court for review. *Malone v. Walls*, 538 F.3d 744, 752-53 (7th Cir. 2008) (quoting *Williams v. Washington*, 59 F.3d 673, 677 (7th Cir. 1995)); *see also Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (noting that "an assertion that one's counsel [is] ineffective for failing to pursue [a] particular constitutional issue[] is a claim separate and independent of those issues."). Ehlers failed to do this and additionally failed to raise the stun belt issue to the Illinois Supreme Court at all. *See* [17-10] at 21-29. As such, Ehlers has procedurally defaulted his claim that his due process rights were violated because the trial court allegedly required him to wear a stun belt throughout his trial.

d.) *Ground Thirteen: Actual Innocence*

Ehlers also argues he is entitled to *habeas* relief because he is actually innocent. *See* [1-1] at 28-29. He contends that he was denied his right to due process and his rights under the Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments because he is actually innocent of the crimes which he was convicted. *See id.*

Ehlers failed to present this claim to the Illinois Supreme Court in his postconviction proceedings. *See generally* [17-10] (petitioner's PLA to the Illinois Supreme Court). Because of this, the claim is procedurally defaulted and the court declines to address its merits. *See McDowell*, 737 F.3d at 482.

e.) *Portions of Ehlers' Ineffective Assistance of Counsel Claims*

In his *habeas* petition, Ehlers argues that his trial counsel and appellate counsel on direct appeal were ineffective for a number of reasons. *See* [1] at 5; 7; 8; 9; 51-56; 64-70; [1-1] at 1-21; 25-27. Respondent contends many of these arguments have been procedurally defaulted because Ehlers failed to present them to all levels in state court. After reviewing the instant petition, Ehlers' brief on direct appeal, and his postconviction briefs, the court agrees.

In his direct appeal, Ehlers argued that his trial attorneys were ineffective because they failed to present evidence at sentencing that Ehlers was not the individual responsible for shooting Peters and because they failed to impeach James Whipple. *See* [17-2] at 27-29. He also argued that his cause should be remanded because his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). See [17-2] at 30-31.

6

On postconviction appeal, Ehlers argued that his trial attorneys were generally ineffective and unprepared. *See* [17-6] at 23. He claimed this was evidenced by the fact that they chose not to retain mitigation expert and investigator, Doctor Randall. *Id.* at 23-24. He also cited his trial attorneys' failure to investigate and call Michael Hoover as a witness and their failure to impeach James Whipple as evidence of ineffective assistance of counsel. *Id.* at 25-26; 30. In his postconviction appeal, Ehlers also claimed his appellate counsel was ineffective. *Id.* at 28. Ehlers argued that his appellate counsel was ineffective for failing to employ impeachment evidence and properly examine Audrey Krueger. *Id.* at 29. Ehlers also argued that his appellate counsel was ineffective for failing to challenge the trial court's decision that Ehlers was fit to stand trial. *Id.* at 31. It appears he claims that his appellate attorneys should have argued that Ehlers was not fit to stand trial because he was mentally unstable. *Id.* Finally, in his postconviction appeal, Ehlers argued his appellate counsel was ineffective for failing to challenge the fact that Ehlers was required to wear a stun belt on the outside of his clothing at trial.

In his PLA to the Illinois Supreme Court, Ehlers reasserted his argument that his trial counsel was generally ineffective. See [17-10] at 23 (stating that "in totality [his trial counsels'] errors, omissions, and mistakes are indicative of a deficient performance, which fell below an objective standard of reasonableness."). He specifically pointed to his trial attorneys' failure to use impeachment evidence with respect to Audrey Krueger and failure to call Michael Hoover as a witness as evidence of ineffectiveness. He also reiterated his arguments regarding his trial counsel's failure to use Dr. Randall as a mitigation expert. *Id.* at 24-27. He claimed (for the first time) that his trial attorneys were ineffective for failing to call a number of witnesses (other than Hoover) at trial. *Id.* at 27. Finally, in his PLA to the Supreme Court, Ehlers claimed his appellate counsel was ineffective for failing to challenge his fitness to stand trial. *Id.* at 27-28.

In this petition, Ehlers argues that his attorneys, both at trial and on appeal, were ineffective in a number of ways. While not entirely clear, it appears Ehlers is raising the following claims: 1) that his trial attorneys were ineffective because they failed to present evidence that Ehlers did not kill the victim (Ground One); 2) that his trial attorneys were ineffective because they were biased against him and denied him access to legal papers (Ground Four); 3) that his trial attorneys were ineffective because they failed to obtain Ehlers' consent before making a stipulation at trial; (Ground Five); 4) that his trial attorneys were ineffective because they failed to utilize the services of the court-appointed mitigation expert (Ground Six); 5) that his trial attorneys were ineffective because they failed to have petitioner's fitness to stand trial reevaluated; (Ground Seven); 6) that his trial attorneys were ineffective because they failed to inform Ehlers of his right to a fitness hearing; (Ground Eight); 7) that his trial attorneys were ineffective because they failed to interview witnesses prior to trial; (Ground Nine); 8) that his trial attorneys were ineffective because they failed to deliver a coherent and cohesive opening statement (Ground Nine); 9) that his trial attorneys were ineffective because they failed to develop a defense theory (Ground Nine); 10) that his trial attorneys were ineffective because they failed to adequately cross-examine witnesses (Ground Nine); 11) that his attorneys were ineffective because they failed to present witnesses on Ehlers' behalf (Ground Nine); 12) that his trial attorneys were ineffective because they refused to allow Ehlers to testify on his own behalf

7

(Ground Ten); and 13) that his trial attorneys were ineffective because they agreed to a sentence of life imprisonment without Ehlers' consent (Ground Twelve).

After reviewing the record, the court finds Ehlers failed to present all of the above claims to a complete round of state court review except his claim in Grounds Six and a portion of Ground Nine. First, the court will address where Ehlers failed to present each of the above claims. Then, the court will address the two claims which were presented to a complete round of state court review.

### i. Ground One

In Ground One of the instant petition, Ehlers argues that he was denied effective assistance of counsel at resentencing because "his attorneys did not use the "wire-tapes" [sic] of conversations with (James Whipple) where the "crime" [sic] was discussed" and because his attorneys waived the right to call witnesses at resentencing. [1] at 51. In his PLA to the Illinois Supreme Court, Ehlers never mentioned anything about his trial or appellate attorneys' failure to use "wire-tapes" at resentencing. *See* [17-10] at 20-29. Indeed, in his PLA to the Illinois Supreme Court, Ehlers never even mentioned James Whipple or his attorneys failure to challenge Whipple's testimony. *See id.* Because of this, the court finds this claim is procedurally defaulted. *See McDowell*, 737 F.3d at 482; *see also Malone*, 538 F.3d at 752-53 (stating that petitioner must submit "both the operative facts and the controlling legal principles" to all levels of the state court to prevent procedural default).

### ii. Ground Four

In Ground Four, Ehlers argues that his rights were violated because he was denied "the appointment of unbiased, unprejudiced, and competent counsel . . .[.]" [1] at 64. The court construes this claim to embody another ineffective assistance of counsel claim and presumes Ehlers is claiming that he was denied effective assistance of counsel because his attorneys "were predisposed towards [his] guilt, [and because] they failed to establish a defense strategy and denied [Ehlers] access to his legal papers." [1] at 64. While Ehlers asserted a general argument regarding his attorneys failure to establish a defense strategy to all levels of the Illinois' courts, Ehlers' arguments regarding bias and lack of access to legal papers were never presented to the Illinois Appellate Court or the Illinois Supreme Court. Because of this, the court concludes that this claim is procedurally defaulted. *See Malone*, 539 F.3d at 752-53.

### iii. Ground Five

Ehlers also argues that he was denied effective assistance of counsel because his trial counsel failed to obtain his consent regarding a stipulation used at trial. [1] at 67-68. In his PLA to the Illinois Supreme Court, Ehlers never mentioned his attorneys failure to obtain his consent regarding a stipulation. *See* [17-10] at 21-28. Accordingly, the claim is procedurally defaulted and this court declines to address its merits. *See See McDowell*, 737 F.3d at 482*; Malone*, 539 F.3d at 752-53.

8

*iv. Ground Seven*

In Ground Seven, Ehlers alleges that his trial counsel was ineffective for failing to have his fitness re-evaluated "despite the fact that prior to trial, petitioner attempted suicide and was on psychotropic medications and had a detailed history of mental health issues." [1-1] at 5. In his postconviction appeal, Ehlers only argued that his appellate counsel was ineffective for failing to "re-raise the fitness issue in light of the change of medication and the suicide attempt . . . " [17-6] at 31. He never expressly raised an ineffective assistance of counsel claim based upon his trial counsel's failure to do so on postconviction appeal. *See id.* at 22-28 (petitioner's ineffective assistance of trial counsel claims); *see also* [17-2] at 25-29 (petitioner's brief on direct appeal which fails to assert an ineffective assistance of counsel claim based upon the issue of petitioner's fitness to stand trial). Indeed, in the Illinois Appellate Court's opinion, it is clear that the court construed Ehlers' claim regarding his fitness to stand trial to be an ineffective assistance of appellate counsel claim. *See People v. Ehlers*, No. 2-11-0131, 2012 WL 6967243 at \*3-\*4 (Ill. App. Ct. Apr. 11, 2012); [17-9] at 2-4. Accordingly, the claim procedurally defaulted and this court cannot address its merits.

*iv. Ground Eight*

Ground Eight asserts an ineffective assistance of counsel claim based upon Ehlers' attorneys' failure to inform Ehlers of his right to a fitness hearing. *See* [1-1] at 10. This claim was not presented to either the Illinois Appellate Court or the Illinois Supreme Court. Instead, Ehlers only argued that he was denied effective assistance of counsel because his appellate attorney failed to raise the argument that Ehlers should have had his fitness re-evaluated on direct appeal. *See* [17-6] at 32-34 (Ehlers' Brief on Post-Conviction Appeal arguing that his appellate attorneys were ineffective for failing to re-raise the fitness issue in light of a change in circumstance.); [17-10] at 27-28 (Ehlers' PLA to the Illinois Supreme Court arguing that his trial attorneys were ineffective for failing to have his fitness re-evaluated). Because Ehlers failed to argue that he was never informed of his right to a fitness hearing to the Illinois Supreme Court, this court cannot address the argument and it is defaulted. *See Malone*, 539 F.3d at 752-53.

*v. Ground Nine*

Ground Nine asserts that Ehlers was denied effective assistance of counsel because his trial attorneys failed to "adequately prepare for trial, did not interview witnesses, failed to provide a coherent and cohesive opening statement, failed to develop a defense theory, failed to develop a defense strategy, failed to adequately cross-examine witnesses, failed to perfect impeachments, and failed to present any witnesses on behalf of petitioner." [1-1] at 14. In his PLA to the Illinois Supreme Court, Ehlers argued that his trial attorneys were ineffective because "taken as a whaole [sic]" his trial attorneys were "not adequately prepared and lacked a cohesive defense strategy." [17-10] at 23. The court finds this general argument has been presented to all levels of the state courts and will therefore address the argument in greater detail below. However, Ehlers' specific assertion that his attorneys were ineffective for failing to provide a

9

coherent and cohesive opening statement is defaulted because Ehlers never mentioned this in his brief to the Illinois Supreme Court. *See generally* [17-10]; *see also Malone*, 539 F.3d at 752-53.

### vi. Ground Ten

Ground Ten alleges an ineffective assistance of counsel claim based upon Ehlers' attorneys alleged refusal "to permit [Ehlers] to testify in his own defense." [1-1] at 19. This claim was not presented to the Illinois Appellate Court or the Illinois Supreme Court on direct review or in Ehlers' postconviction proceedings. See generally [17-10]. Therefore, the court declines to address its merits and finds the claim procedurally defaulted. *See Malone*, 539 F.3d at 752-53.

### v. Ground Twelve

Ehlers' final ineffective assistance of counsel claim is that he is entitled to *habeas* relief because his attorneys failed to obtain his consent at his second sentencing hearing for his "agreed" sentence of "life in prison without the possibility of parole." [1-1] at 25-26. Ehlers appears to argue that his appointed counsel "concealed" an agreement from him. *Id.* at 26. The court construes this claim as yet another ineffective assistance of counsel claim. Regardless, Ehlers failed to assert this argument to a complete round of review in state court. As such, the claim is defaulted. *See Malone*, 539 F.3d at 752-53.

## 2. Claims Ehlers Forfeited

The only claims that Ehlers presented to all levels of the state court are his ineffective assistance of counsel claims based upon his trial counsels' failure to utilize the services of a mitigation expert (Ground Six), and his trial counsels' general incompetency and failure to interview and present witnesses (Ground Nine). Respondent argues that these claims are defaulted because the state court rejected the claims on independent state procedural grounds. After reviewing the record, this court agrees.

A habeas claim is procedurally defaulted if the "state court did not address the petitioner's federal claim because the petitioner failed to meet independent and adequate state court[] procedural requirements." *U.S. ex rel. Harris v. McCann*, 558 F. Supp. 2d 826, 836 (N.D. Ill. 2008) (citing *Stewart v. Smith*, 536 U.S. 856, 860-61 (2002)). In other words:

> When the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state grounds, federal habeas review of the claim is foreclosed. Typically this occurs when the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim.

10

*Miranda v. Leibach*, 394 F.3d 984, 991-92 (7th Cir. 2005) (citations omitted).

Respondent argues that Ehlers remaining claims are defaulted because the Illinois Appellate Court (the last state court to issue an opinion) determined that Ehlers forfeited the claims because of the well-settled Illinois rule which prevents state courts from considering undeveloped ineffective assistance of counsel claims and the Illinois rule which bars defendants from raising issues in postconviction proceedings that could have been raised on direct appeal. *See generally* Ill. S. Ct. R. 341 (h)(7) ("Points not argued [in an appellant's brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); *see also People v. English*, 987 N.E.2d 371, 376 (Ill. 2013) (reinforcing the rule that a defendant forfeits any claims on postconviction review if those claims could have been raised on direct appeal, but were not.). After reviewing the decision of the Illinois Appellate Court, this court agrees with respondent.

On post-conviction appeal, the Illinois Appellate Court determined that Ehlers' claims regarding the performance of his trial counsel were "forfeited." *People v. Ehlers*, No. 2-11-0131, 2012 WL 6967243 at *3 (Ill. App. Ct. April 11, 2012); [17-9] at 2. First, it noted that Ehlers' claim which alleged an "overall lack of capability" of his trial counsel was too general. *Id.* The appellate court acknowledged Ehlers' efforts to point to specific record evidence by referencing an affidavit from mitigation expert Dr. David Randall. However, the court rejected this as support for Ehlers' argument concerning his attorneys' deficient performance at trial since Dr. Randall's affidavit concerned Ehlers' attorneys' performance at sentencing. *Id.*; [17-9] at 3. The Illinois Appellate Court thus refused to consider the merits of Ehlers' claim because in Illinois ineffective assistance of counsel claims are waived if a defendant fails to support his argument with specific examples, citations to the record, and relevant authority. *Id.* (citing *People v. Sanchez*, 662 N.E.2d 1199, 1212 (Ill. 1996); and Ill. S. Ct. R. 341(h)(7)).

Next, the Illinois Appellate Court turned to Ehlers' argument concerning his trial counsels' failure to call or investigate co-defendant, Michael Hoover, as a witness. *Id.* It declined to address the merits of this claim and instead determined that the claim was forfeited because Ehlers could have raised this issue on direct appeal. *Ehlers,* 2012 WL 6967243 at *4 (citing *People v. Ortiz*, 919 N.E.2d 941, 946-47 (Ill. 2009); [17-9] at 3.

Finally, the Illinois Appellate Court rejected Ehlers' claims that his appellate counsel was ineffective. *Id.* The Illinois Appellate Court reasoned that the trial court correctly concluded that this argument lacked the requisite support. It noted that Ehlers had attempted to assert additional, more specific arguments concerning his appellate attorney's deficient performance on appeal, but these arguments were forfeited because Ehlers failed to include them in his postconviction petition at the trial court. *Id.* (citing *People v. Jones*, 821 N.E.2d 1093, 1098 (Ill. 2004)).

The court here finds the Illinois Appellate Court's decision for dismissing the above claims constitutes independent and adequate state grounds that foreclose this court ability to

review. In order for a state law ground to be considered "adequate" the rule "must have been firmly established and regularly followed as of the time when the procedural default occurred." *Richardson v. Lemke*, – F.3d – , Nos. 12-1619, 12-1747, 2014 WL 931112 at *10 (7th Cir. March 11, 2014). Next, the rule the state court cites must be the rule the state court "actually relied on" when it disposed of the petitioner's claim. *Id.* at *8. If the state court's decision rested "primarily on federal law or [was] interwoven therewith, a federal court may review the federal question . . . [.]" *Id.*

In this case, it is clear that the Illinois Appellate Court relied upon state procedural rules as an independent basis to dispose of Ehlers' claims. The case law and Illinois Supreme Court Rules cited within the opinion make it clear that the decision was not decided on (or interwoven with) federal law. *See generally Ehlers*, 2012 WL 6967243 at *3-*4; [17-9] at 2-4. In addition to this, it is clear that the rules and the authority relied upon were in place at the time of Ehlers' trial and have been regularly followed. *See People v. Flores*, 606 N.E.2d 1078, 1083 (Ill. 1992) (stating that if issues could have been presented to the reviewing court, but were not, they are waived in postconviction proceedings); *People v. Blair*, 831 N.E.2d 604, 614-15 (Ill. 2005) (issues that could have been raised on direct appeal, but were not, are considered forfeited and barred from consideration in a postconviction proceeding.); *People v. Jennings*, 102 N.E.2d 824, 827 (Ill. 1952) (finding that summary dismissal of a petitioner's postconviction petition is warranted if a petitioner fails to attached the necessary affidavits, records, or other evidence to support their claim); *see also People v. Simer,* Nos. 5-11-0474, 5-12-0002, 2014 IL App (5th) 110474-U at *6 (Ill. App. Ct. Jan. 2, 2014) (stating that "it is well-established that conjecture and speculation are insufficient to support an ineffective-assistance-of-counsel claim."). As such, this court finds those claims which Ehlers presented to all levels of the state court are procedurally defaulted because the Illinois Appellate Court decided the claims on independent and adequate state law grounds.

### 3. Ehlers' Defaults Cannot Be Excused

The court can excuse a petitioner's procedural default if a petitioner can show that (1) there is cause for the default and resulting prejudice; or (2) a "fundamental miscarriage of justice" will result without federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). While Ehlers has stated that ineffective assistance of counsel may form a cognizable "cause" to excuse procedural default, he fails to identify any specific acts or omissions by his attorneys that could excuse the defaults in his case. *See* [1] at 31-36. To excuse procedural default a petitioner must provide specific factual bases for his argument that ineffective assistance of counsel was the cause for the default and must satisfy the standard established in *Strickland v. Washington*, 466 U.S. 688 (1984). *See Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (stating that ineffective assistance of counsel can constitute cause to set aside to a procedural bar, but not where a petitioner defaulted his ineffective assistance of counsel claim and he does not offer cause-and-prejudice to excuse this default.). As the court has already stated, Ehlers has defaulted all of his ineffective assistance of counsel claims either because he failed to raise the specific issues for one complete round of state court review or because the state court rejected his arguments on independent and adequate state grounds. Thus, Ehlers' cannot

use his ineffective assistance of counsel claim to excuse his procedural default. Moreover, even if the court gave Ehlers the benefit of the doubt and assumed that he had established cause for his procedural default through his ineffective assistance of counsel claims, Ehlers has failed to establish the prejudice prong of *Strickland*. "Prejudice is established by showing that the violation of the petitioner's federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* In his petition, Ehlers has failed to articulate a specific argument regarding prejudice, and therefore his defaults cannot be excused through the cause and prejudice exception.

Next, Ehlers cannot excuse his procedural default through the "fundamental miscarriage of justice" exception. *See Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."" *Wright v. Clark*, 96 F. Supp. 2d 757, 759-60 (N.D. Ill. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). This exception requires a petitioner to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial . . . [.]" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013). Indeed, to excuse a procedural default through this exception, a petitioner must "convince the court that no reasonable trier of fact would have found him guilty but for the error allegedly committed by the state court." *Bolton v. Akpore*, 730 F.3d 685, 697 (7th Cir. 2013). Ehlers assertions here cannot meet this standard.

In Ground Thirteen of the instant petition, Ehlers claims he is actually innocent. To support his claim he references his amended petition for postconviction relief. *See* [1-2] at 35-37. In his amended petition, Ehlers states that Audrey Krueger's son "could have proved [Ehlers] was not in Freeport, Illinois at the time of the murder." [1-2] at 36. However, Ehlers does not supply an affidavit from Krueger's son or any other record evidence. Instead, the only evidence Ehlers points to as support for his actual innocence claim is a 2004 affidavit from co-defendant Michael Hoover. *See* [1-2] at 36-37. Hoover's affidavit (which the court notes directly conflicts Hoover's prior statements he gave to police) states that Ehlers rented the motel room in Freeport and then returned to Tinley Park alone. *See* [17-28] at 90. Hoover claims that Ehlers did not rob the gun store in Freeport and Hoover committed the crime with Keene and Krueger. *See id.* Hoover's affidavit claims that the statement he made to police at the time of the crime falsely implicated Ehlers and was coerced. *Id.*

The court finds Hoover's affidavit insufficient to meet the high standard of actual innocence. First, the affidavit comes over ten years after the crime was committed. The Supreme Court has routinely held that it is permissible for the lower courts to consider the timing of a submission and the likely credibility of an affiant when weighing evidence of actual innocence. *See McQuiggin*, 133 S. Ct. at 1935; *Schlup v. Delo*, 513 U.S. 298, 332 (1995). Next, Hoover's affidavit is "untested." *Bolton*, 730 F.3d at 697. The court does not find this overcomes the testimony of James Whipple, the eyewitness, and Ehlers' former girlfriend. There is nothing here that would convince a court that no reasonable trier of fact would have found Ehlers guilty but for an error allegedly committed by the state court. Accordingly, the court does not find that Ehlers' procedural default can be excused.

### 4. Certificate of Appealability

As a final matter, the court declines to issue a certificate of appealability. Rule 11 of the Rules governing Section 2254 cases in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2254 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

While Ehlers attempted to raise constitutional issues in his petition, the court has concluded that all of his claims are defaulted. Moreover, the court does not find "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter." *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability.

For the reasons above, Anthony Ehlers' petition under 28 U.S.C. § 2254 is denied. [1]. The court also denies his request for an evidentiary hearing and declines to issue a certificate of appealability. The cause is dismissed in its entirety.

Date: 4/29/2014    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)